**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: ) | |
| ) | |
| SYED M. HUSSAIN, ) | |
| ) | Civil Action No. 10-2103 (GEB) |
| Debtor. ) | |
| ) | **MEMORANDUM OPINION** |
| ) | |
| BARRY W. FROST, Trustee in Bankruptcy, ) | |
| ) | |
| Plaintiff/Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| SYED M. HUSSAIN, ) | |
| ) | |
| Defendant/Appellee. ) | |
| ) | |

**BROWN, Chief Judge**

      This matter comes before the Court upon an appeal of Barry Frost, Trustee for the debtor

Syed M. Hussain, ("Trustee" for the "Debtor") from the March 3, 2010 Order of the United

States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") Surcharging the

Trustee. (Record on Appeal ("ROA") 458.)  Debtor, appearing pro se, in addition to filing

opposition to the appeal, has also filed a "motion to shorten time, fast track the case based on his

medical condition." (Doc. No. 17.)[1]  The Court has jurisdiction over this matter pursuant to 28

---

      [1]    The Court notes that a related appeal has also been filed by the Debtor.  See
Hussain v. Frost, Civil Action No. 10-3410.

1

U.S.C. § 158.  The Court has considered the parties' submissions.  For the reasons that follow, the Court will affirm the Bankruptcy Court's March 3, 2010 Order Surcharging the Trustee.

## I.      BACKGROUND

This appeal arises from proceedings which occurred during the administration of bankruptcy involving the Debtor Syed M. Hussain.  Pursuant to the Bankruptcy Court's March 3, 2010 order and the record on appeal, it appears that the Bankruptcy Court surcharged the Trustee because it determined that the Trustee failed to timely file income tax returns with the Internal Revenue Service ("IRS") on behalf of the Debtor.  The Bankruptcy Court, therefore, surcharged the Trustee the resulting late fees that were assessed against Debtor in the amount of $98,908.78, less any tax refunds that the estate received during the years 2007, 2008, and 2009.  It is the result of these principal facts that the Trustee now appeals.

This matter originally commenced in Bankruptcy Court on October 25, 1999, when the Debtor filed a voluntary petition under Chapter 13. (Trustee's Br. at 4, Doc. 6.)  On August 15, 2000, the case was converted to a Chapter 7 petition and Barry W. Frost was appointed as Interim Chapter 7 Trustee on August 23, 2000.  (Id.)

In February 2002, the Trustee filed an application to retain The Hermes Group as accountants (ROA221) for Debtor, but the Bankruptcy Court denied the application (ROA222). In November of 2002, the Trustee submitted an application to hire Ronald C. Moonin, CPA, ("Moonin") as an accountant (ROA260), and the Bankruptcy Court granted the application on November 19, 2002 (ROA261).  Subsequently in September of 2006, Moonin filed tax returns on behalf of Debtor's estate for the years 2000 through 2006. (ROA421.)  In January 2007, the

Trustee submitted his Final Report to the United States Trustee ("U.S. Trustee") and the U.S.

Trustee filed the Statement of Review indicating no objection to the Final Report. (ROA376.)

On May 24, 2007, the Bankruptcy Court approved the Statement of Review and issued an Order

Granting Allowances. (ROA379.)

      In October 2008, the Trustee filed an Amended Final Report to the U.S. Trustee.

(ROA389.)  The U.S. Trustee filed a Statement of Review indicating no objection to the

Amended Final Report on October 29, 2008. (ROA398.)  However, objections to the Amended

Final Report were filed by the Debtor and his non-debtor spouse. (ROA406, 410.)  The

Bankruptcy Court overruled these objections and issued a Revised Order Granting Allowances in

May of 2007.  (ROA411.)  On December 18, 2008, Appellee filed a Motion for Reconsideration.

(ROA415.)  On February 2, 2009, the Bankruptcy Court issued an order denying the motion as to

all issues other than the issue of income tax and ordered that the Trustee address the issue as to

whether all expenses were properly deducted.  (ROA421.)   In April 2009, the Trustee submitted

the Final Distribution Report to the U.S. Trustee and on May 12, 2009, the U.S. Trustee filed her

Statement of Review indicating that she had no objections to the Final Distribution Report.

(ROA434.)  On May 14, 2009, the Bankruptcy Court entered the Final Decree discharging the

Trustee as trustee and closing the case. (ROA435.)    However, on December 21, 2009, the

Bankruptcy Court sua sponte issued an Order to Show Cause why the Trustee should not be

surcharged and ordered to disgorge compensation. (ROA446.)

      At the hearing on March 3, 2010, the Bankruptcy Court found that the Trustee failed to

"fulfill[] his duties in this case and must reimburse the estate for the tax penalties and interest

that have been paid."  (Mar. 3, 2010 Tr. 4:6-8; ROA476.)   The Bankruptcy Court noted that the

estate earned income during 2000, 2001, and 2002 largely from the sale of real property, but returns were not prepared for those years until late 2006 with the taxes paid thereafter. (Mar. 3, 2010 Tr. 4:14-15.)  The Bankruptcy Court found that as a result of the delay, "the estate paid to the Internal Revenue Service interest of over $86,000 and penalties of approximately $50,000." (Mar. 3, 2010 Tr. 4:19-21.)   The Court also found that, as a result of the delay, interest had been paid from the estate to the State of New Jersey Division of Taxation in the amount of approximately $7,000 and penalties of approximately $5,000.   (Mar. 3, 2010 Tr. 4:21-23.)   The Court found that the total interest and penalties incurred and paid by the estate was $149,000. (Mar. 3, 2010 Tr. 4:23-24.)   The Bankruptcy Court further detailed that "the penalties charged by the IRS were refunded in the amount of approximately $50,000.  So the net total of interest and penalties that were incurred . . . is $98,908.78."   (Mar. 3, 2010 Tr. 4:25-5:3.)   The Court also detailed the filings and returns regarding tax years 2007 and 2008.  (Mar. 3, 2010 Tr. 5:4-9.)

The Bankruptcy Court, having made these findings of fact, concluded that "[t]he Internal Revenue Service Code specifically puts the obligation on a Chapter 7 Trustee to file tax returns for the estate."  (Mar. 3, 2010 Tr. 6:20-22.)  Further, the Court held that even though it was proper for the Trustee to hire an accountant, the Trustee could not "shift the responsibility for timely filing the returns and payment of taxes to the accountant."   (Mar. 3, 2010 Tr. 6:24-25.) In so holding, the Bankruptcy Court addressed the Trustee's argument that the U.S Trustee "signed off and they had no objection to the accounting" that the Trustee had provided of his administration of Debtor's estate and there were no other objections filed.  (Mar. 3, 2010 Tr. 7:2-10.)  The Bankruptcy Court, however, rejected the argument and pointed out that "although [the Bankruptcy Court] previously had approved the accountings by [the Trustee], that it is [the

4

Court's] responsibility and . . . right under Section 105 of the Bankruptcy Code, to raise these

issues sua sponte."   (Mar. 3, 2010 Tr. 8:9-19.)  Accordingly, the Court issued an Order

Surcharging Trustee in the amount of $98,908.78 less any tax refunds that the estate received

during the years 2007, 2008, and 2009.   (Mar. 3, 2010 Tr. 9:24-10:2.)

        The Trustee filed a Notice of Appeal of the March 3, 2010 Order of the Bankruptcy Court

on April 27, 2010.  (Notice of Appeal; Doc.  No. 1.)    Thereafter, the Trustee and Debtor filed

their briefs.  (Doc. Nos. 6, 8, 9.)  In addition, Debtor filed a motion to shorten time, fast track the

case due to his medical condition, and this motion was opposed by the Trustee, to which Debtor

filed a reply.  (Doc. Nos. 17, 18, 19.)  Because the Court understands Debtor's motion as one

seeking a decision from this Court, and because the Court herein issues its decision, the Court

denies Debtor's motion as moot.


II.      DISCUSSION

        A.      The Parties' Arguments

        The Trustee asserts five issues on appeal: (1) "Did the Bankruptcy Court err in

determining that it had jurisdiction to surcharge the Trustee or to compel the Trustee to disgorge

fees after Court entered Final Decree and discharged Trustee?"; (2) "Did the Bankruptcy Court

have legal authority to surcharge Trustee after fees were awarded and Orders granting

compensation were not appealed or otherwise challenged?" (3) "Did § 105 of the Bankruptcy

Code give the Court authority to surcharge Trustee and compel disgorgement of fees?"; (4) "Did

prior Orders of the Court awarding fees and approvals of the final report by the United States

Trustee prevent the Court, without a motion for reconsideration, from ordering disgorgement of

fees?"; and (5) "Are the parties bound by prior Orders approving fees for the Accountant and the

Chapter 7 Trustee?" (Trustee's Br. at 1; Doc. No. 6.)  In support of these points, the Trustee

asserts that the Bankruptcy Court did not have discretion to issue an Order to Show Cause on

December 21, 2009, because the case had previously been closed pursuant to the Final Decree

entered on May 14, 2009, and that reopening the case without a demonstration of cause was in

contravention of 11 U.S.C. § 350(a). (Trustee's Br. at 9-13; Doc.6.)  The Trustee also asserts that

the Bankruptcy Court did not have authority to consider Appellee's Motion for Reconsideration

and subsequently issue an Order to Show Cause based upon it because it was untimely pursuant

to Bankruptcy Rule 9006(b)(2).  (Id. at 13-15.)  Moreover, the Trustee argues that the Bankruptcy

Court did not have the authority under Section 105(a) of the Bankruptcy Code to surcharge the

Trustee and compel disgorgement of his fees.  (Id. at 15-17.)  Trustee avers that the Bankruptcy

Court did not have authority to reconsider its order awarding fees because the order was entered

more than one and a half years prior and this issue could not be re-litigated in the same case. (Id.

at 17-19.)  Finally, the Trustee asserts that the Bankruptcy Court did not have authority to

surcharge the Trustee or compel him to disgorge fees he received pursuant to the Bankruptcy

Court's orders because the orders were final according to Bankruptcy Rule 9023. (Id. at 19.)

    In opposition, pro se Debtor asserts that the document that he filed with the Bankruptcy

Court on December 18, 2008, was not a Motion for Reconsideration. (Debtor's Br. at 1-2; Doc.

No. 9.)  Rather, Debtor asserts that the document was a "Notice of Motion" which was "based on

new information and evidences, only received in October 2008." (Id.)  Debtor asserts that in

October 2008, the Trustee provided him with copies of tax returns and Appellee alleges that

these documents contained "serious errors and omissions," which prompted his filing of the

Notice of Motion. (Id.)  In addition, Debtor alleges that the Trustee attempted to keep Debtor

"out of court proceedings" and provides a list of such occurrences. (Id. at 3).  Finally, Debtor

refers to a Notice of Motion filed with the Bankruptcy Court in April of 2010, see Civil Action

No. 10-3410, in which the Debtor asserted that the Trustee is guilty of criminal Acts including;

racketeering, theft, embezzlement, betrayal of trust and "many more criminal acts." (Id. at 3.)

Debtor requests that Trustee be surcharged an additional $76,446 and criminally prosecuted. (Id.

at 4, 5.)

In reply, Trustee asserts that the document filed with the Bankruptcy Court by the Debtor

on December 18, 2008, was in fact a Motion for Reconsideration and notes that the Bankruptcy

Court treated it as such. (Trustee's Reply Br. at 2; Doc. 8.)  The Trustee also asserts that there

was not any new information or evidence available to justify Debtor's untimely filing of this

Motion for Reconsideration because Debtor possessed the information addressed in the Motion

for Reconsideration prior to the Bankruptcy Court's order entered on December 5, 2008. (Id.)

Further, the Trustee asserts that Debtor's claims with regard to alleged errors on tax returns,

efforts to deny Debtor access to Court proceedings, and criminal activities are untrue and

irrelevant as these issues are not the subject of this appeal. (Id. at 3-5.)

Debtor subsequently filed a second brief in this matter (Doc. No. 15), however, the

Trustee asserts that this document was filed in error and should not be considered in this appeal.

(Letter from Trustee; Doc. No. 16.)   The Court concludes that this filing and much of the

argument presented by Debtor regarding criminal action that he maintains should be taken

against the Trustee is addressed in the separate appeal brought before this Court by Debtor, and

thus the Court will address those issues as part of that separate appeal.  See Hussain v. Frost,

7

Civil Action No. 10-3410.


**B.      Standard of Review**

Bankruptcy Rule 8013 provides that the district court "may affirm, modify, or reverse a

bankruptcy judge's judgment, order, or decree or remand with instructions for further

proceedings. FED. R. BANKR. P. 8013. Findings of fact by the district court are not to be set

aside unless "clearly erroneous". FED. R. BANKR. P. 8013. A factual finding is clearly erroneous

only where "the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed." In re Cellnet Data Sys., Inc., 327 F.3d 242, 244

(3d Cir. 2003) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

A bankruptcy court's conclusions of law are subject to de novo or plenary review by the district

court. See Donaldson v. Bernstein, 104 F.3d 547, 551 (3d Cir.1997). When a matter presents

both questions of law and fact, the relevant standard must be applied to each component of the

issue. See Chemetron Corp. v. Jones, 72 F.3d 341, 345 (3d Cir.1995).


**C.      Analysis**

The Trustee asserts that the Bankruptcy Court did not have authority to issue an Order to

Show Cause after the case had been closed pursuant to the Final Decree and that reopening the

case without a demonstration of cause was in contravention of 11 U.S.C. § 350(a). (Trustee's Br.

at 9-13; Doc. No. 6.) While the Trustee cites subsection (a) of the statute, he fails to address

subsection (b) in his brief. Pursuant to 11 U.S.C. § 350(b), "[a] case may be reopened in the

court in which such case was closed to administer assets, to accord relief to the debtor, or for

other cause." 11 U.S.C. § 350(b). It is well established that a bankruptcy court has broad

discretion in deciding whether to reopen a case. See In re Zinchiak, 406 F.3d 214, 223 (3d Cir.

2005). Under 11 U.S.C. § 105, this power may be exercised sua sponte. See Donaldson v.

Berstein, 104 F. 3d. 547, 552 (3d. Cir. 1997). Further, when a bankruptcy court reopens

bankruptcy proceedings that decision should not be disturbed in the absence of an abuse of

discretion. Id. at 551.

      In this matter, the Bankruptcy Court discovered that the estate had incurred approximately

$149,000 in penalties and interest as a result of the late filing and payment of taxes by the

Chapter 7 Trustee. The Bankruptcy Court noted in its decision:

> "It was only after the IRS refunded the $50,000 in penalties that the estate had
> paid that [Trustee] filed an amended accounting, which the Court again approved,
> and also approved the amended commissions. When the matter came to the
> attention of [Debtor], he asked the Court to reconsider. It was only at that time, as
> I began to investigate the complaints raised by [Debtor], which primarily were
> directed at the amount of tax liability, not so much at the penalties and interest,
> that I became aware that the estate had incurred penalties for late filing and late
> payment of the taxes, which resulted in the large amount of penalties and
> interest."

(ROA 476.)

      In light of this discovery, this Court concludes that the Bankruptcy Court did not abuse its

discretion by reopening the Bankruptcy case and did so based upon its finding of cause.[2] The

Bankruptcy Court merely exercised its broad discretion to reopen the matter and issued an Order

to Show Cause in order to bring the parties into Court to consider the issue that it had discovered.

---

[2]     Trustee also asserts that the Bankruptcy Court should not have considered
Debtor's Motion for Reconsideration because it was not timely under Federal Rules of
Bankruptcy Rule 9006(b)(2). However, the timing of Appellee's motion for reconsideration is
not relevant to this appeal because the Bankruptcy Court did not address said motion at the
hearing on the Order to Show Cause. (ROA 476.)

Once the matter had been reopened, the Trustee argues that the Bankruptcy Court did not have the authority to surcharge the Chapter 7 Trustee. (Trustee's Br. at 15-19; Doc.6.)  This Court disagrees.  Although some courts have held that a bankruptcy trustee is only personally liable for "willful" violations of his fiduciary duties, see Hutchinson v. McGee, 5 F.3d 750, 752-53 (4th Cir. 1993), the majority of courts have held that a trustee may be held personally liable for a breach of his fiduciary duties via surcharge by the bankruptcy court if his or her conduct is no more than negligent. See Red Carpet Corp. of Panama City Beach v. Miller, 708 F.2d 1576, 1578 (11th Cir. 1983); In re Cochise College Park, Inc., 703 F.2d 1339, 1357 (9th Cir. 1983); Ford Motor Credit Co. v. Weaver, 680 F.2d 451, 461 (6th Cir. 1982); Sherr v. Winkler, 552 F.2d 1367, 1374 (10th Cir. 1977); In re Sturm, 121 B.R. 443, 448 (Bankr. E.D. Pa. 1990). Case law in the Third Circuit alludes to the fact that a trustee would be held personally liable for negligence in his fiduciary duties.  See In re Prindible, 115 F.2d 21 (3d Cir. 1940); Lambertville Rubber Co. v. Crowley, 111 F.2d 45 (3d Cir. 1940).  See also Tennsco Corp. v. Estey Metal Prods., 200 B.R. 542, 544-545 (D.N.J. 1996) (holding that while a bankruptcy trustee may be held personally liable for a breach of fiduciary duty to the estate, when dealing with trustee liability to non-parties, there is a strong public policy in protecting bankruptcy trustees for unintentional tortious acts).  This Court concludes that although the Third Circuit has not directly addressed this issue, the Court will follow the view of the majority of the Circuits.  To this end, the Court concludes that a trustee may be held personally liable for the breach of his fiduciary duties if it is found that his conduct was negligent.

The facts of this matter are not disputed.  As the Bankruptcy Court noted in its decision,

the estate incurred $98,908.78 in penalties and interest as a result of the late filing and payment

of taxes by the Trustee. (ROA 476).  In its decision, the Bankruptcy Court found that:

> The estate received income in the 2000, 2001 and 2002, primarily from the sale of real property.  Tax returns and payment of taxes were due on April 15th of the following years.  But the returns for the estate were not filed until – were not filed on time, nor were taxes paid on time.

> It appears that the returns were not prepared until late in 2006, and taxes paid thereafter.  The details of the taxes, penalties and interest are set forth in a letter and a report that was prepared by Mr. Moonin at my request, and the covering letter is dated July 23rd 2009.

> According to that report, the estate paid to the Internal Revenue Service interest of over $86,000 and penalties of $50,000.  And paid interest of over $86,000 and penalties of $50,000.  And paid interest to the State of New Jersey Division of Taxation of just shy of $7,000 and penalties of approximately $5,000.  For a total payment of interest and penalties of $149,000.

> Against the penalties charged by the IRS were refunded in the amount of approximately $50,000.  So net interest and penalties that were incurred, if my math is correct is $98,908.78.

(ROA 476.)   Because these facts are not contested, this Court will apply these facts to its

de novo interpretation of the relevant law.

The Bankruptcy Court concluded as a matter of law that the Trustee had not fulfilled his

duties as a trustee in this matter by failing to timely file and pay taxes on behalf of the estate and

that monetary damages resulted. (ROA 476.)  Pursuant to 26 U.S.C.S. § 6012(b)(4) and 11

U.S.C.S. § 704(a)(8), the Chapter 7 Trustee is responsible for the filing and payment of taxes

throughout the bankruptcy proceeding. 26 U.S.C. § 6012(b)(4); 11 U.S.C. § 704(a)(8).  The

Bankruptcy Court noted in its decision that:

> It is [Trustee's] responsibility as trustee to comply with the tax laws.  The Internal Revenue Code specifically puts the obligation on a Chapter 7 Trustee to file tax returns for the estate.  It was certainly proper for [Trustee] to seek the assistance of an expert by hiring an accountant.  But he cannot shift the responsibility for

> timely filing the returns and payment of taxes to the accountant .  The
> responsibility stops and starts with the trustee.

(ROA 476.)  This Court concludes that such a determination amounts to a finding by the

Bankruptcy Court that the Trustee was negligent in that he breached his duty as set forth in both

26 U.S.C. § 6012(b)(4) and 11 U.S.C. § 704(a)(8), and that this breach caused monetary damages

in the amount of $98,908.78.  Accordingly, the Bankruptcy Court properly issued an order

surcharging the Trustee in the amount of $98,908.78, the amount of penalties and interest

incurred by the estate as a result of the late taxes, less any other refunds received by the estate.

Id.  The Court notes that the math required to deduce the amount due has not been disputed on

appeal.

        This Court also concludes that this decision was proper notwithstanding the Bankruptcy

Court's prior orders confirming the Trustee's accounting.  The Bankruptcy Court clearly and

definitively stated that this issue was not brought before it by way of the Debtor's motion for

reconsideration.  (Mar. 3, 2010 Tr. 8:6-8.)  The Trustee argues that prior Orders of the

Bankruptcy Court that awarded fees and approved the final report by the United States Trustee

thereafter prevented the Bankruptcy Court, without a motion for reconsideration, from ordering

disgorgement of fees and that the parties are bound by these prior orders. (Trustee's Br. at 1;

Doc. No. 6.)  On this point, the Bankruptcy Court held that "although I previously had approved

the accountings by [the Trustee] . . . it is my responsibility and my right under Section 105 of the

Bankruptcy Code, to raise these issues sua sponte."  (Mar. 3, 2010 Tr. 8:16-19.)

        Section 105 of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or
> appropriate to carry out the provisions of this title. No provision of this title

providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).  While the Trustee argues that the Bankruptcy Court is limited in its ability to raise issues sua sponte "within the confines of the Bankruptcy Code," see Northwest Bank Worthington v. Ahlers, 485 U.S. 197, 206 (1988), this Court concludes that indeed the Bankruptcy Court invoked Section 105 for this very purpose.  In addition, the Trustee cites United States v. Pepperman, 976 F.2d 123 (3d Cir. 1992) for the proposition that "the fact that a [bankruptcy] proceeding is equitable does not give the judge a free-floating discretion to redistribute rights in accordance with his [or her] personal views of justice and fairness, however enlightened those views may be." Id. at 131 (citing In re Chicago, Milwaukee, St. Paul & Pacific R.R., 791 F.2d 524, 528 (7th Cir. 1986)).  However, as this Court has previously concluded, the Bankruptcy Judge did not simply exercise "free-floating discretion" or rely on his "personal views of justice and fairness."  Rather, the Court concludes as a matter of law that the Trustee negligently failed to file the Debtor's tax returns in a timely manner.  For this reason, the limit that the Third Circuit discussed in Pepperman with respect to Section 105 is inapplicable in this matter, and its sua sponte order to show cause was indeed issued within the confines of the Bankruptcy Code as this Court previously detailed.

Moreover, the orders to which the Trustee refers in his brief have not been in and of themselves altered.  Rather, the Bankruptcy Court sua sponte raised a new and separate issue of whether the Trustee should be surcharged.  While the conclusion that the Trustee should be surcharged affects the "bottom line" of the amount of fees the Trustee collects, the issue can be

construed to be separate and apart from the other orders that also control the parties.

      For these reasons, the March 3, 2010 Order of the Bankruptcy Court is affirmed.


**III.**     **CONCLUSION**

      For the forgoing reasons, the Bankruptcy Court's order of March 3, 2010 surcharging the

Chapter 7 trustee, Trustee is affirmed.  An appropriate form of order accompanies this opinion.


Dated: December 7, 2010


                            s/ Garrett E. Brown, Jr.
                          GARRETT E. BROWN, JR., U.S.D.J.